UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL ACTION NO. 11-73-JBC**

**UNITED STATES OF AMERICA,**                                              **PLAINTIFF,**

**V.**                               **ORDER**

**MARQUIS DERON HEARD,**                                            **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on defense counsel's motion requesting a competency evaluation under the dictates of Title 18 U.S.C. § 4241 (a) and (b); the court having reviewed the motion and the response of the United States and the court being aware of the scheduling requirement for the Bureau of Prisons to transport the defendant pursuant to this order,

**IT IS ORDERED** as follows:

1. The motion for determination of mental competency (R. 97) is **GRANTED**;

2. Defendant Marquis Deron Heard is committed to the custody of the Attorney General for confinement in a suitable facility closest to court, unless impractical, for the purpose of conducting a psychiatric and psychological examination by one or more licensed or certified psychiatrists and psychologists;

1

3. Within fourteen (14) days of the date of entry of this order, the United States Marshal shall designate Marquis Deron Heard to a suitable facility where he will remain until the completion of the examinations. Due to Speedy Trial Act concerns, the defendant's one-way transportation time (i.e., time period between designation to a suitable facility and arrival at the designated facility and separately the post-evaluation transportation back to Marshal custody in the District) shall not exceed ten (10) days, excluding weekends and federal holidays, for transportation to or from the evaluation site;

4. Upon arrival to at the designated facility the defendant shall submit to the psychiatric and psychological examination;

5. Upon completion of the examinations, the examiner shall file with the court, a report of their examination with copies provided to both counsel hereto, and this report shall include: (a) Defendant's history and present symptoms; (b) A description of the psychiatric, psychological, and medical testing that were employed and their results; (c) The examiner's findings; (d) The examiner's opinions as to diagnosis, prognosis and treatment needs; (e) A determination of whether or not the defendant, Marquis Deron Heard, is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he unable to understand the nature and consequences of the proceedings against him and/or whether or not he is capable of assisting properly in the preparation of his defense;

6. The defendant, Marquis Deron Heard is committed to the custody of the

Attorney General for a reasonable period of time but not one to exceed 30 days within which the Bureau of Prisons shall complete the examinations and upon the completion of his examinations and the issuing of the report as noted above, the defendant shall be returned to this court, unless otherwise ordered by the court upon a showing of good cause that such additional time would be necessary for observation, evaluation and potential treatment;

    7. The time between December 27, 2011, which is the date of filing of the motion for determination of mental competency, and a determination of the defendant's mental competency and the date on which the trial is rescheduled, is excluded in computing time under Title 18 U.S.C. § 3161(h)(1)(A), 3161(h)(1)(F), and 3161(h)(7)(A)(B)(iv) of the Speedy Trial Act.  The court finds that the motion for a psychological evaluation and the continuance of the trial in this matter cause an unavoidable delay in the trial of this case.  The court further finds that the delay is the result of an examination to determine the mental competency or physical capacity of the defendant and the ends of justice served by granting such motion for continuance outweigh the best interest of the public and defendant in a speedy trial, because failure to grant such a continuance would deny the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and

8. The jury trial scheduled on January 10, 2012, is **CANCELED AND CONTINUED GENERALLY** pending a determination of the defendant's competency to stand trial.

Signed on January 6, 2012

Jennifer B. Coffman
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY