UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 11-73-JBC

UNITED STATES OF AMERICA, PLAINTIFF,

V. ORDER

MARQUIS DERON HEARD (1), DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

A motion hearing was held in this matter on May 1, 2012. Assistant U.S. Attorney Roger West was present on behalf of the United States. The defendant Marquis Deron Heard was present in custody with Andrew Stephens as his appointed counsel for a portion of the hearing and as his legal advisor for the remainder of the hearing. The proceeding was recorded by official court reporter Peggy Weber.

The court heard from counsel for the parties and the defendant. The defendant repeatedly expressed his desire to proceed pro se. After careful probing and consideration of the defendant's responses to questions in this regard, the court was satisfied that the defendant knowingly, voluntarily and intelligently waived his right to counsel and he was allowed to represent himself. The defendant stipulated to the competency report and the court accepted the findings in the

1

report and found the defendant competent to stand trial.

**IT IS ORDERED** as follows:

(1) Marquis Deron Heard shall be permitted to proceed pro se in this matter and Andrew Stephens is relieved of his responsibilities as appointed counsel. Mr. Stephens shall remain involved in the case as a legal advisor to Mr. Heard in the event he should need to consult with him on legal issues. If at any time the defendant would like to have Mr. Stephens resume his representation as counsel, he shall advise the court.

(2) Mr. Stephens shall deliver all discovery and information in his possession regarding this case to the defendant by the close of business on May 2, 2012.

(3) All pretrial motions shall be filed no later than May 25, 2012.

(4) The government shall turn over to the defendant any 404(b) information and Jencks Act material on its own initiative, in accordance with the law and without the necessity of a motion by the defendant.

(5) Jencks Act material shall be disclosed to the defendant at the courthouse. This material shall be used for the purpose of trial only and then it shall be returned to the United States.

(6) The government may communicate directly with the defendant in writing and shall send a courtesy copy of all correspondence to Mr. Stephens as the defendant's legal advisor. If at any time the government has something it needs to communicate through a lawyer, and not directly to the defendant, it may

communicate with his legal advisor. The defendant shall make communications directed at the United States through his legal advisor.

(7) The court having found the defendant competent to stand trial, the jury trial in this matter is scheduled on July 23, 2012, at 9:00 a.m. at Lexington, Kentucky. The court will set aside 10 days for trial. The time between December 27, 2011, which is the date of filing of the motion for determination of mental competency, and July 23, 2012, is excluded in computing time under Title 18, U.S.C. § 3161(h)(1)(A), (h)(1)(D), (h)(1)(F), (h)(7)(A) and (h)(7)(B)(iv) of the Speedy Trial Act.  The court finds that a portion of the time excluded was due to a necessary delay to determine the defendant's competence to stand trial and further that the ends of justice served by granting a continuance of the trial outweigh the best interest of the public and defendants in a speedy trial, because failure to grant such a continuance would deny the defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Signed on May 3, 2012



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY