UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 11-73-KKC

UNITED STATES OF AMERICA, PLAINTIFF,

V. **OPINION AND ORDER**

MARQUIS DERON HEARD, DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

Prior to jury selection in this matter, the Defendant, who has chosen to represent himself and, up to now, has declined the assistance of standby counsel, asked the Court to provide him with a laptop for his use during trial so that he could perform legal research. For the following reasons, the Court denies the Defendant's request.

As the Court has previously stated in an order entered in this matter on May 30, 2012 (DE 146), "when a defendant chooses to assert the right of self-representation, he forfeits the benefits associated with representation by legal counsel." *United States v. Peck*, 62 F. App'x 561, 566 (6th Cir. 2003). The Court further explained, "the Government has no obligation to provide access to a law library to defendants who wish to represent themselves in criminal trials." *Id*.

The Sixth Circuit has held that, "[b]y knowingly and intelligently waiving his right to counsel, the [defendant] also relinquished his access to a law library." *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990). "Due process is satisfied . . . if a defendant . . . has the assistance of an attorney during the course of his criminal trial." *United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004).

The defendant has been offered the assistance of an attorney throughout this matter. His standby counsel has and will be in the courtroom throughout the trial. The Court again urges the Defendant to utilize his standby counsel for legal advice. The Court denies, however, the Defendant's request for a laptop so that he can perform his own legal research.

Dated this 8th day of January, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge