UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
**F I L E D**

**JAN 1 1 2013**

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 11-73-KKC

UNITED STATES OF AMERICA,                                                      PLAINTIFF,

v.                                         **JURY INSTRUCTIONS**

MARQUIS DERON HEARD,                                                      DEFENDANT.

* * * * * * * * * *

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

INSTRUCTION NO. 1

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Some of the witnesses may have talked about the law while they were testifying. The government and the defendant may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

INSTRUCTION NO. 2

As you know, the defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty

beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced,

say so by returning a not guilty verdict.

INSTRUCTION NO. 3

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; any stipulations that the lawyers and the defendant agreed to; and any facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The defendant's statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I may not have let you hear the answers to some of the questions that were asked. I also may have ruled that you could not see some of the exhibits that were offered. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. And I may have ordered you to disregard things that you saw or heard, or I may have struck things from the record. If I ordered you to disregard things you saw or heard, you must disregard those things. If I struck things from the record, you must not consider them. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 4

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

INSTRUCTION NO. 5

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

INSTRUCTION NO. 6

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 7

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

INSTRUCTION NO. 8

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The defendant has decided to represent himself in this trial and not to use a lawyer. He has a perfect right to do that. His decision has no bearing on whether he is guilty or not guilty, and it should have no effect on your consideration of this case.

The government and the defendant objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers and the defendant should object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

INSTRUCTION NO. 9

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 10

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

INSTRUCTION NO. 11

**Counts 1 and 6** of the Indictment accuse the defendant of conspiring to commit certain crimes.

**Count 1** accuses the defendant of conspiring to knowingly and intentionally distribute five kilograms or more of a substance containing a detectable amount of cocaine, a controlled substance.

**Count 6** accuses the defendant of conspiring to conduct financial transactions involving property that the defendant knew represented the proceeds of the unlawful distribution of controlled substances with the intent to promote the carrying on of that unlawful activity.

It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charges, the government must prove both of the following elements beyond a reasonable doubt:

(A)     First:

**With regard to Count 1**, that two or more persons conspired, or agreed, to knowingly and intentionally distribute five kilograms or more of a substance containing a detectable amount of cocaine.

**With regard to Count 6**, that two or more persons conspired, or agreed, to conduct financial transactions involving property that the defendant knew represented the proceeds of the unlawful distribution of controlled substances with the intent to promote the carrying on of that unlawful activity.

(B)    Second, **with regard to Counts 1 and 6**, that the defendant knowingly and voluntarily joined the conspiracy.

Later, I will give you more detailed instructions on some of these terms.

You must be convinced that the government has proved both of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charges.

INSTRUCTION NO. 12

With regard to the first element--a criminal agreement--the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime charged.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime charged.  This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

INSTRUCTION NO. 13

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. The government must prove that the defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 14

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

INSTRUCTION NO. 15

**Count 2** of the Indictment accuses the defendant of knowingly and intentionally distributing a substance containing a detectable amount of cocaine. Cocaine is a controlled substance. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     The defendant knowingly and intentionally distributed a substance containing a detectable amount of cocaine; and

(B)     The defendant knew at the time of distribution that the substance that he distributed contained a controlled substance.

Now I will give you more detailed instructions on some of these terms.

(A) To prove that the defendant knowingly distributed a substance containing a detectable amount of cocaine, the defendant did not have to know that the substance contained cocaine. It is enough that the defendant knew that it contained some kind of controlled substance. Further, the defendant did not have to know how much of the substance he distributed. It is enough that the defendant knew that he distributed some quantity of a substance containing a detectable amount of cocaine.

(B) The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

(C) In determining whether the defendant knowingly and intentionally distributed a controlled substance, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute may be

inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

INSTRUCTION NO. 16

**Count 4** of the Indictment accuses the defendant of knowingly and intentionally possessing with the intent to distribute 28 grams or more of a substance containing a detectable amount of cocaine base. Cocaine is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)  First, the defendant knowingly and  intentionally possessed 28 grams or more of a substance containing a detectable amount of cocaine base; and

(B)  Second, the defendant intended to distribute 28 grams or more of a substance containing a detectable amount of cocaine base.

Now I will give you more detailed instructions on some of these terms.

(A)  To establish actual possession, the government must prove that the defendant had direct, physical control over the substance containing a detectable amount of cocaine base, and knew that he had control of it. But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had possession of the substance, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

(B)  To prove that the defendant "knowingly" possessed the substance, the defendant did not have to know that the substance contained cocaine base. It is enough that the defendant knew that it contained some kind of controlled substance. Further, the defendant did not have to know how much of the substance he possessed. It is enough that the defendant knew that he possessed some quantity of the substance.

(C)  The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future.

D)  In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions.  Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone.  You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.  The law does not require you to draw such an inference, but you may draw it.

(E)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

INSTRUCTION NO. 17

**Count 5** of the Indictment charges the defendant with violating federal law by being a convicted felon in possession of a firearm.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)   First:   That the defendant has been convicted of a crime punishable by imprisonment for more than one year.

(B)   Second:   That the defendant, following his conviction, knowingly possessed a firearm specified in the Indictment.

(C) Third:   That the specified firearm crossed a state line prior to the alleged possession.   It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

Now I will give you more detailed instructions on some of these elements.

(A) As to possession, the government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime.   The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict. To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.   For

example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

(B) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

(C) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

INSTRUCTION NO. 18

(1)     **Count 7 and Counts 32-35** of the Indictment charge the defendant with conducting or attempting to conduct a financial transaction in violation of federal law. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant conducted or attempted to conduct the financial transaction detailed in the particular count of the Indictment.

(B) Second, that the financial transaction involved property that represented the proceeds of the conspiracy to distribute or the distribution of controlled substances as charged in Counts 1, 2 and 4 of the Indictment.

(C) Third, that the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(D) Fourth, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, source or ownership of the proceeds of the unlawful activity.

(2) Now I will give you more detailed instructions on some of these terms.

(A) The term "financial transaction" means:

(1) a transaction which in any way or degree affects interstate commerce and a) involves the movement of funds by wire or other means; b) involves coin or currency of the United States; or c) involves the transfer of title to any real property; or

(2) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

(B) The term "financial institution" means a bank insured by the Federal Deposit Insurance Corporation.

(C) The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

(D) The word "proceeds" means any property derived, directly or indirectly, from some form of unlawful activity, including the gross receipts of such activity.

(E) The phrase "knew that the property involved in a financial transaction represented the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

INSTRUCTION NO. 19

(1) **Counts 9 – 31** of the Indictment charge the defendant with conducting and attempting to conduct financial transactions in violation of federal law. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant conducted or attempted to conduct the financial transaction described in the particular count of the Indictment.

(B) Second, that the financial transaction involved property that represented the proceeds of the conspiracy to distribute or the distribution of controlled substances as charged in Counts 1, 2 and 4 of the Indictment.

(C) Third, that the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(D) Fourth, that the defendant knew that the transaction was designed in whole or in part to avoid a transaction reporting requirement under state or federal law.

(2) Now I will give you more detailed instructions on some of these terms.

(A) The term "financial transaction" means:

(1) a transaction which in any way or degree affects interstate commerce and either a) involves the movement of funds by wire or other means; b) involves coin or currency of the United States; or c) involves the transfer of title to any real property; or

(2) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or

degree.

(B) The term "financial institution" means a bank insured by the Federal Deposit Insurance Corporation.

(C) The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

(D) The word "proceeds" means any property derived from, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

(E) The phrase "knew that the property involved in a financial transaction represented the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

INSTRUCTION NO. 20

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to the date stated in the Indictment.

INSTRUCTION NO. 21

That concludes the part of my instructions explaining the elements of the crime.

Next I will explain some rules that you must use in considering some of the testimony

and evidence.

## INSTRUCTION NO. 22

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

INSTRUCTION NO. 23

You have heard the testimony of Demarcus Lewis. The government did not arrest him in exchange for his cooperation.

You have also heard the testimony of Victor Alcantera Hernandez. In exchange for his cooperation, the government may ask for a more lenient sentence.

It is permissible for the government to make such agreements. But you should consider their testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by their agreements with the government.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

INSTRUCTION NO. 24

You have heard the testimony of Dave Straub, Rick Qualls and Danielle Barto, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept the opinions of any of these witnesses. In deciding how much weight to give their testimony, you should consider the witness's qualifications and how he or she reached his or her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 25

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the court security officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the court security officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers and the defendant about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

All of the exhibits will be available to you in the jury room.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

INSTRUCTION NO. 26

Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 27

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

INSTRUCTION NO. 28

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 29

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

INSTRUCTION NO. 30

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved any charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved any charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and bring it to the Courtroom. Please advise the court security officer that you are ready to return to the Courtroom. However, do not give your verdict form to the court security officer or to anyone else until I direct you to do so here in the Courtroom.

INSTRUCTION NO. 31

Remember that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 32

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

INSTRUCTION NO. 33

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.