UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 11-73-KKC

UNITED STATES OF AMERICA, PLAINTIFF,

v. **OPINION AND ORDER**

MARQUIS DERON HEARD, DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on various documents filed by Defendant Marquis Deron Heard after a jury found him guilty of a total of 33 counts including conspiring to distribute five kilograms or more of cocaine and money laundering. The government has not responded to any of the documents.

    **I.**    **Docket Entries 203 and 206.**

In a document (DE 203) addressed to the Clerk of the Court, Heard requests that the Court issue an order setting up a phone call between him and a probation officer. The Court understands that, since the filing of this motion, a U.S. Probation Officer has met with Heard. Accordingly, this request will be DENIED as moot.

Heard also filed a document that is captioned "Information Requests," (DE 206) in which he asks whether judicial notice was taken during his trial. The Court will GRANT Heard's motion for the requested information and states that it did not take judicial notice of any facts during the trial.

    **II.**    **Motion for New Trial (DE 204).**

Heard has also filed a Motion for a new trial (DE 204) in which he raises five issues. First, Heard argues that the Court's jury instruction regarding the two conspiracy

charges against him were misleading. Heard objects to the sentence which introduced the elements of a conspiracy. The jury was instructed: " For you to find *the defendant* guilty of the conspiracy charges, the government must prove. . . . " Heard objects because the pattern jury instruction states "[f]or you to find *any one of the defendants* guilty of the conspiracy charge, the government must prove. . . ." Heard argues that the instruction as given could mislead a jury into believing that a conspiracy does not require more than one person.

The instruction was amended as appropriate to a single-defendant trial. The jury was instructed multiple times that it must find that "two or more persons" conspired to commit the crimes alleged. (Docket Entry 191, Jury Instruction Nos. 11, 12, 14.) Thus, no reasonable juror would have believed that a conspiracy could exist with only one person.

Second, Heard seems to argue that the two conspiracy charges should be dismissed because the indictment did not name the co-conspirators in either charge.

However, "[a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir.1991). Accordingly, the fact that the indictment does not name co-conspirators does not require dismissal of the conspiracy charges.

Third, the Defendant argues that Detective Rick Qualls was recalled to testify after observing the testimony of others. Federal Rule of Evidence 615 states that, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witness's testimony. Or the court may do so on its own." The court imposed the rule for

the trial of this matter. The Court is not certain if Detective Qualls did observe the testimony of other witnesses before he was recalled to testify.  The Court is certain that Heard did not object when the government recalled Detective Qualls to the stand. Further, even if Detective Qualls had observed other witnesses' testimony, there was no prejudice.  In his second testimony, Qualls primarily testified as to his background and experience in firearms and as to where the firearms seized from Heard were manufactured. No other witness testified regarding these subjects.

The Defendant's fourth and fifth arguments in his motion for a new trial relate to the testimony of Victor Alcantera Hernandez who cooperated with the government and testified as to the conspiracy to distribute cocaine.

Heard's argument with regard to Hernandez's testimony is not clear. Hernandez testified at trial that he had pleaded guilty to distributing cocaine and that he was currently in custody.  In his motion, Heard seems to ask whether Heard may have been an unindicted coconspirator in Hernandez's conspiracy charge.  Heard also asks whether the drug conspiracy charge against him was "retroactively fit[ted]" to the defendants from another case, presumably Hernandez's.  Finally, Heard seems to ask why there was no evidence linking Heard to any "others" in the drug conspiracy besides Hernandez.

The answers to all of these questions are irrelevant to Heard's conspiracy conviction. The relevant question is whether the government presented sufficient evidence for the jury to find Heard guilty of conspiring to distribute cocaine.  As will be explained further below, the government met that burden.

Which leads to Heard's fifth argument in his motion for a new trial. Heard appears to argue that Hernandez's testimony alone was not sufficient evidence to convict

Heard of conspiracy to distribute cocaine. Hernandez testified that an individual named Manuel Escalera sent large amounts of cocaine to him and that Escalera instructed Hernandez to sell all of it to Heard. Hernandez testified that, in December 2009, he sold three kilos of cocaine to Heard; later he sold four and a half kilograms to him; and then five. Hernandez testified that the next deliveries were larger – 11 and a half to 12 kilos – and that, again, he sold all of this to Heard. IRS Special Agent Danielle Barto testified that, in all, Hernandez sold Heard over 40 kilos of cocaine. This is sufficient evidence to convict Heard of a conspiracy to distribute 5 kilograms or more of cocaine.

Further, Hernandez's testimony was supported by other witnesses. Heard's childhood friend Demarcus Lewis testified that he had been buying cocaine from Heard as much as once a month since 2009. The government presented audiotapes of telephone conversations between Heard and Lewis in which the two discussed the buying and selling of cocaine, including one $9,000 sale observed by law enforcement officers who testified at trial.

In the phone conversations, Heard also instructs Lewis on how to invest large amounts of cash in real estate. He cautions Lewis that law enforcement could take all of their possessions from them and that they were involved in a risky business. IRS Special Agent Danielle Barto and other agents testified that Heard owned approximately four vehicles (1967 Caprise, 2008 Mercedes, 2009 Lexus, GMC Yukon), one home, rented an apartment, and had three storage units. There was no evidence that Heard had ever been employed or had any reported wages.

In addition Agent Barto testified that her investigation of Heard revealed that, over a seven-month time period, Heard had paid financial consultant and real estate

investor Frank Poschinger $182,600 in cash toward the purchase of a second home. Barto's investigation also revealed that Heard paid Rivard Fine Jewelry $49,000 in cash for jewelry over a three-week time period.

Special Agent Richard Nelson testified that, in a search of Heard's storage units, the officers found bags and boxes containing cocaine residue, a handgun, and a bulletproof vest. The officers who executed the search warrant at Heard's residence testified that they found guns, 100 grams of crack cocaine, a small amounts of powder cocaine, a money counter, and a cocaine press.

Thus, the government presented sufficient evidence to sustain Heard's conviction for conspiring to distribute five kilograms or more of cocaine.

For all these reasons, Heard's Motion for New Trial (DE 204) will be DENIED.

### III.     Motion for Acquittal Pursuant to Rule 29 (DE 205).

Heard has also filed a Motion for Acquittal pursuant to Rule 29 (DE 205) in which he raises three issues. He argues that detectives testified at trial that "there was no evidence to indicate initiation of any agreement in 2008, 2009, 2010, 2011 or 2012, etc. with Victor Hernandez" and that the government presented evidence of only one cocaine sale by Heard, i.e., Heard's $9,000-sale to Lewis.

As discussed above, however, Hernandez himself gave explicit testimony about the agreement between Heard, Hernandez, and Escalera to distribute large amounts of cocaine and about their activities to carry out that agreement. All of these activities began within the time frame described in the indictment.

Heard also argues that there is an "outstanding jurisdictional question." The Court believes that Heard is referring to the argument raised by his standby counsel that

the government failed to establish that the Eastern District of Kentucky was a proper venue for the money laundering charges against Heard. The Court has addressed this argument in a prior opinion dated January 24, 2013 (DE 208) and, for the reasons stated in that opinion, the Court continues to find that this was the proper venue for these charges.

Finally, Heard argues that Hernandez's testimony should have been excluded pursuant to 18 U.S.C. § 3501(c). This statute deals with confessions and delayed presentments to the magistrate judge. *United States v. Williams*, 612 F.3d 417, 422 (6th Cir. 2010). "[T]he statute was designed to limit the requirement that federal agents promptly present a suspect to a federal magistrate." *Id*. The statute is not relevant to Hernandez's testimony.

For all these reasons, Heard's motion for Acquittal Pursuant to Rule 29 (DE 205) will be DENIED.

### IV. Plea of Jurisdiction (DE 209).

Heard has also filed a document captioned "Plea of Jurisdiction," in which he states he "would like a jurisdictional question answered in this matter. . . ." The Court is not certain as to what Heard's jurisdictional question is. To the extent the question relates to this Court's jurisdiction over his money laundering charges, again, the Court addressed that argument in a prior opinion dated January 24, 2013 (DE 208). To the extent that Heard seeks any other relief with this document, any such relief will be denied, the Court being uncertain as to what relief Heard seeks or his basis for doing so.

### V. Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

1) Heard's request (DE 203) for an order setting up a phone call between him and a U.S. Probation Officer is DENIED as moot;

2) Heard's request for information (DE 206) regarding judicial notice taken at his trial is GRANTED;

3) Heard's Motion for New Trial (DE 204) is DENIED;

4) Heard's Motion for Acquittal Pursuant to Rule 29 (DE 205) is DENIED; and

5) any request for relief contained in Heard's Plea of Jurisdiction (DE 209) is DENIED.

Dated this 29th day of March, 2013.

Signed By:
Karen K. Caldwell   KKC
United States District Judge