UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 11-73-KKC

UNITED STATES OF AMERICA,                                          PLAINTIFF,

v.                          **OPINION AND ORDER**

MARQUIS DERON HEARD,                                        DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the defendant Marquis Deron Heard's motion (DE 273) to vacate his sentence under 28 U.S.C. § 2255. The Court referred the matter to a magistrate judge who conducted a hearing and filed a report (DE 335) in which he recommends that the Court deny the motion. Heard has filed objections (DE 338) to the recommendation. The Court has "ma[d]e a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). For the following reasons, the Court will overrule Heard's objections.

As the magistrate judge explained, Heard was convicted of various counts relating to the distribution of cocaine, money laundering, and being a felon in possession of a firearm. He represented himself at trial and was convicted and ultimately sentenced to a prison term of 360 months.

Heard's first objection to the magistrate judge's recommendation deals with the magistrate judge's determination that Heard has not shown that his trial and appellate counsel were ineffective for failing to move to dismiss his indictment based on prosecutorial misconduct before the grand jury. Heard argues in his § 2255 motion that IRS Special Agent Danielle Barto "clearly told the grand jury that Heard is already indicted on Count 1."(DE 273-1 Mem. at 64.) Count 1 charged Heard with conspiring to distribute five

kilograms or more of cocaine. The magistrate judge found that Heard had not made clear when precisely Agent Barto allegedly made this statement. The original indictment in this matter was superseded twice. The magistrate judge determined that Agent Barto's statement would have been appropriate if made after the original indictment but before the first or second superseding indictments. In his objections, Heard states that he alleges that Agent Barto made the statement to the grand jury before it issued the original indictment.

For purposes of this opinion, the Court will assume this is correct. The statement still would not warrant vacating Heard's conviction. For Heard to establish that his trial counsel was ineffective for failing to move to dismiss the indictment based on Agent Barto's statement, he must establish "that his counsel's performance was deficient under an objective standard of reasonable performance, and that there is a reasonable probability that his counsel's errors prejudiced the outcome of the proceedings against him." *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). This means he must show that, had his trial counsel moved to dismiss the indictment based on Agent Barto's statement, there is a "reasonable probability" that the Court would have granted it. *United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004)

As to the objective reasonableness of Heard's counsel's failure to move to dismiss the indictment on the basis of Barto's statement, the Court notes that Heard chose to represent himself in this matter. While he had court-appointed counsel until May 1, 2012 – who remained standby counsel during the trial – Heard was not willing to work with counsel or even communicate with counsel on any issue other than the Court's jurisdiction. (DE 331, Tr.) Heard himself told the Court he was not willing to speak with his court-appointed counsel on any other issue. (DE 240, Tr. at 6.) It is difficult to find counsel unreasonable for failing to make particular motions on a defendant's behalf when the defendant refused to cooperate with his counsel.

More importantly, it was not objectively unreasonable for Heard's counsel to fail to move to dismiss the indictment based on Agent Barto's alleged statement because there was no reasonable probability the Court would have granted such a motion. For the same reason, Heard cannot show he was prejudiced by his trial counsel's failure to move to dismiss the indictment on the basis of Barto's alleged statement. *See* Carter, 355 F.3d at 924 ("Failing to make a motion. . . that had no chance of success fails both [*Strickland*] prongs. First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.")

Because a court must respect the independence of the prosecutor and the grand jury, dismissals of indictments for prosecutorial misconduct are rare. *United States v. De Rosa*, 783 F.2d 1401, 1404 (9th Cir. 1986); *United States v. Kilpatrick,* 821 F.2d 1456, 1465 (10th Cir. 1987). Grand jury indictments are presumed valid and a court must "exercise extreme caution in dismissing an indictment for alleged grand jury misconduct." *United States v. Overmyer*, 899 F.2d 457, 465 (6th Cir. 1990). "Dismissal of the indictment based on the prosecutor's misconduct before the grand jury is warranted only where the misconduct 'undermined the grand jury's ability to make an informed and objective evaluation of the evidence presented to it.'" *United States v. Griffith*, 756 F.2d 1244, 1250 (6th Cir. 1985) (quoting *United States v. Sears, Roebuck & Co.*, 719 F.2d 1386, 1391 (9th Cir. 1983)). Heard does not explain how Agent Barto's statement affected the grand jury's ability to evaluate the evidence regarding his involvement in a conspiracy to distribute cocaine. The fact that the trial jury ultimately convicted him of this count indicates that the grand jury's decision to indict him on the charge was reasonable.

Accordingly, the Court cannot find that, had his trial counsel moved to dismiss the indictment based upon Agent Barto's alleged statement that Heard had already been indicted on Count 1, there is a reasonable probability the Court would have dismissed it. Because the Court cannot find that Heard's trial counsel was ineffective for failing to move to dismiss the indictment based on Agent Barto's statement, the Court cannot find that Heard's appellate counsel was ineffective for failing to make this argument on appeal.

Heard's second objection deals with the affidavit filed in support of the search warrant authorizing the search of his residence. Heard argues in his § 2255 motion that his trial counsel was ineffective for failing to move to suppress the evidence obtained pursuant to the search warrant. He argues that the affidavit supporting the search warrant was based on Agent Barto's grand jury testimony. The magistrate judge agreed that the affidavit was based in part on Agent Barto's grand jury testimony. Nevertheless, the magistrate judge determined that Heard provided "no coherent theory" as to how the affidavit failed to establish probable cause for the search. The magistrate judge also ordered that the affidavit be filed in the record. (DE 336, Application for a Search Warrant.)

In his objections, Heard asserts that the affidavit filed in the record is not authentic. He argues that it differs in some way from the copy provided to him during his jury trial. There is no merit to this argument. The affidavit filed in the record has been maintained in the Court's possession. The Court agrees with the magistrate judge that Heard has presented no meritorious argument that the affidavit does not establish probable cause. Accordingly, the Court cannot find that Heard's trial counsel was ineffective for failing to move to suppress evidence on the basis that the affidavit was insufficient. Nor can the Court find that appellate counsel was ineffective for failing to make this argument.

Heard's third objection deals with the magistrate judge's rejection of Heard's argument that he received ineffective assistance of counsel during proceedings to determine

his competency. The Court is uncertain as to precisely what objection Heard makes to this determination. He points out that his counsel at the competency proceeding, Andrew Stephens, testified that he had no strategy for contesting the competency evaluation at the hearing. However, Stephens further explained that he reviewed Heard's competency evaluation, had no evidence to contradict the competency finding, and Heard refused to cooperate with him. (DE 331, Tr. at 25.) It was for this reason that he was unable to develop any strategy to object to the finding.

The Court agrees with the magistrate judge's determination that Stephens conducted an adequate investigation into Heard's competency, discussed his client's competency with the mental examiner, thoroughly read and analyzed the competency evaluation prior to the competency proceeding, and chose not to contest competency based on his own strategic decision that the evaluation was correct, not on his belief that he had no obligation to.

Finally, Heard objects to the magistrate judge's determination that Heard is procedurally barred from arguing in this motion that Judge Coffman erred in determining that Heard was competent to represent himself at trial. The Court agrees with the magistrate judge's determination that Heard has already litigated this claim on direct appeal. Thus, this claim cannot be reasserted in a § 2255 motion absent exceptional circumstances, which do not exist here.

For all these reasons, the Court hereby ORDERS as follows:

1) the magistrate judge's Recommended Disposition & Order (DE 335) is ADOPTED as the Court's opinion;

2) Defendant Heard's objections (DE 338) are OVERRULED;

3) Defendant Heard's motion to vacate, set aside, or correct his sentence (DE 273) is DENIED; and

4) the Court will not issue a Certificate of Appealability, Heard having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);.

Dated February 5, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY