**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:11-CR-73-KKC-HAI-1** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **MARQUIS D. HEARD** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on motion for compassionate release (R. 405) filed by the Defendant Marquis D. Heard, pursuant to 18 U.S.C. § 3582(c)(1)(A).

After representing himself at trial, a jury convicted Heard of conspiracy to distribute five kilograms or more of cocaine (Count 1), cocaine distribution (Count 2), possession with intent to distribute 28 grams or more of cocaine base (Count 4), being a felon in possession of a firearm (Count 5), conspiracy to commit money laundering (Counts 6), and money laundering (Counts 7, 9 through 35). (*See* R. 218, 57.) He was sentenced to 360 months on Count 1, 360 months on Count 2, 360 months on Count 4, 120 months on Count 5, and 240 months on Counts 6, 7, 9 through 35, all to be served concurrently, for a total sentence of 360 months. (R. 218 at 3.)

According to the Bureau of Prisons' website, Heard is scheduled for release on April 16, 2037. He is currently housed at FCI Gilmer.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Under that statute, either the Director of the Bureau of Prison or the defendant may move for a reduction in a defendant's term of imprisonment. A defendant may make his own motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Here, the government acknowledges that Heard has met the mandatory condition. Accordingly, the Court may consider this motion.

Heard requestes compassionate release because he was "not originally indicted on count one on 6/2/11 by a grand jury," the Sentencing Guidelines 1B1.13 "relevant conduct was a sentencing guideline of 360 months a decade ago and has now been lowered for 30 kilos of cocaine (210-262 months)," and he has "been sentenced to 360 months for 250 grams of cocaine Count 2." (R. 400 at 5.) Heard was indicted by a grand jury, so his argument as to count one will be denied. (*See* R. 1, 13 (Superceding Indictment), 57 (Second Superceding Indictment).) For the following reasons, Heard's remaining arguments will also be denied.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A),

2

however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." However, the Sentencing Guidelines sets forth various circumstances that are "extraordinary and compelling." U.S.S.G. 1B1.13(b). Among those circumstances is an "Unusually Long Sentence." U.S.S.G. 1B1.13(b)(6).

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.*

Heard asserts that he is eligible for early release because of a change in law after he was sentenced. He asserts that, due to this change, he would be sentenced to a much shorter prison term if he were sentenced today. A provision of the policy statement provides that, in certain circumstances, an "unusually long sentence" can constitute extraordinary and compelling circumstances warranting a sentence reduction. For this provision to apply, however, there must have been a nonretroactive change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ." U.S.S.G. 1B1.13(b)(6). This is to prevent a situation where "old inmates are serving prison sentences that are much longer than the sentences of new inmates who committed the exact same crimes" because of revisions to federal sentencing

3

law that are not retroactive as to the older inmates. *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025).

Prior to the Sentencing Commission's enactment of this provision of the policy statement, however, the Sixth Circuit held that a nonretroactive change in the law is not an "extraordinary and compelling reason" for a sentence reduction. *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc). Later, the Sixth Circuit determined that the Sentencing Commission had no power to alter that ruling by a policy statement. *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025). Thus, the Sixth Circuit has found this provision of the policy statement unconstutitional and, therefore, invalid. *Id.* Accordingly, the Court does not find that Heard has presented extraordinary and compelling circumstances.

But even if the Court could make such a finding, it must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones,* 980 F.3d 1098, 1108 (6th Cir. 2020). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

4

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The Court considered these factors thoroughly and extensively at Heard's sentencing and considers them again for this motion. Heard was convicted of conspiracy to distribute five kilograms or more of cocaine, cocaine distribution, possession with intent to distribute 28 grams or more of cocaine base, being a felon in possession of a firearm, conspiracy to commit money laundering, and 28 counts of money laundering. These are serious crimes. The crimes for which Heard is currently incarcerated followed an extensive criminal history that included convictions for wanton endangerment, trafficking of controlled substances, terroristic threatening, criminal mischief, harassment, and assault. (R. 12-22.) Moreover, his recommended advisory guideline range on these convictions was 360 months to life. His 360-month sentence is at the bottom of this range and considers all five counts on which he was convicted. The Court commends Heard for his accomplishments while in prison. Considering all the §3553(a) factors, however, the Court cannot find that Heard's immediate release is appropriate.

For all these reasons, the Court HEREBY ORDERS that Heard's motion for compassionate release (R. 400) is DENIED.

This 4th day of May, 2026.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**